989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard N. BABB, Plaintiff-Appellant,
v.
ORR SAFETY EQUIPMENT, Defendant-Appellee.
 No. 92-6308.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1993.
 
 Before KENNEDY, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio plaintiff appeals a district court judgment dismissing his race discrimination suit filed pursuant to 42 U.S.C. § 2000(e). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Richard N. Babb, a former warehouseman, sued Orr Safety Equipment alleging that the vice-president of operations discharged him because of his race; plaintiff is black. Babb sought injunctive, declaratory and monetary relief. The defendant moved for summary judgment arguing that Babb was discharged because of his history of sexually harassing Orr's female employees, not because of his race.
 
 
 3
 A magistrate judge concluded that Babb had not established a prima facie case of discriminatory discharge, and that Babb had also failed to show that defendant's legitimate business reason for his discharge was a pretext for racial discrimination. Thus, he recommended that defendant's motion for summary judgment be granted. Over Babb's objections, the district court adopted the magistrate judge's recommendation and granted defendant's motion for summary judgment. Babb then filed this timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment for the defendant as there was no genuine issue of material fact and the defendant was entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Babb was not entitled to relief because he did not meet his burden under the three-part framework for the allocation of proof in employment discrimination cases set forth in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973). Babb did not establish that: 1) he was qualified for his job; 2) he was discharged without valid cause; and 3) after he was discharged, his employer sought applicants whose qualifications were no better than his. Thus, Babb did not establish a prima facie case of discriminatory discharge. See Simpson v. Diversitech General, Inc., 945 F.2d 156, 158 (6th Cir.1991), cert. dismissed, 112 S.Ct. 1072 (1992); furthermore, even if we assume that plaintiff had established a prima facie case of discriminatory discharge, defendant has met its burden of articulating a legitimate, non-discriminatory reason for Babb's termination by stating that he was discharged because of his continuous sexual harassment of Orr's female employees. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 (1981).
 
 
 5
 In the face of this evidence, Babb was required to present significant probative evidence in support of his argument that defendant discharged him because of his race. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). However, Babb did not show that he had not violated defendant's sexual harassment policy, or that non-minority employees who had violated the policy had received less severe sanctions. See Wilson v. Stroh Cos., 952 F.2d 942, 945 (6th Cir.1992). Finally, Babb has simply failed to show that his race was a motivating factor for his discharge, or that he would not have been discharged "but for" defendant's motive to discriminate against him because of his race. See Gagne v. Northwestern Nat. Ins. Co., 881 F.2d 309, 314 (6th Cir.1989).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.